Michael A. Cox, OSB # 935070
12360 S.W. Chandler Drive
Tigard, Oregon 97224
Telephone: (503) 737-4308
E-mail: mcox@mcoxlegal.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HILARY ROSSIO, an Individual; and COLLEEN MCDONALD, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PORTLAND, a municipal corporation; OFFICER GREGORY BURN, an individual; OFFICER GAVIN WOLFE, an individual; OFFICER ADAM SUBOH, an individual; OFFICER KARLY KUIPER, an individual; OFFICER TROY FULTZ, an individual; and OFFICER PARIK SINGH, an individual, <br><br> Defendants. | Case No. 3:25-cv-1197 <br><br> COMPLAINT FOR NEGLIGENCE, ASSAULT & BATTERY AND VIOLATIONS OF CIVIL RIGHTS <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Hilary Rossio and Colleen McDonald ("Plaintiffs") allege as follows:

**JURISDICTION**

1.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 and under the Fourth and Fourteenth Amendments to the United States Constitution. Accordingly, jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Plaintiffs allege state-law theories of recovery that are so related to

1 – **COMPLAINT**

the federal claims as to form part of the same case and controversy, and therefore invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

## PARTIES

2.

Plaintiff Hilary Rossio (hereinafter "Plaintiff Rossio") is a resident of Multnomah County in the State of Oregon and Plaintiff Colleen McDonald (hereinafter "Plaintiff "McDonald") is a resident of Multnomah County in the State of Oregon.   Plaintiff Rossio and Plaintiff McDonald are hereinafter collectively referred to as "Plaintiffs".

3.

Defendant City of Portland ("Defendant Portland") is a municipal corporation in the State of Oregon.   Defendants Officer Gregory Burn, Officer Gavin Wolfe, Officer Adam Suboh, Officer Karly Kuiper, Officer Troy Fultz, and Officer Parik Singh (collectively the "Individual Defendants") (individually "Defendant Burns", "Defendant Wolfe", "Defendant Suboh", "Defendant Kuiper", "Defendant Fultz" and Defendant Singh") work for the Portland Police Bureau and are employees and agents of defendant City of Portland and, at all times mentioned herein, were acting within the course and scope of their employment.

## FACTS

4.

On Tuesday, August 29, 2023, Colleen McDonald, age 30, and her friend Hilary Rossio, age 30, took a trip to the Columbia River Gorge to get some fresh air and view some waterfalls.

5.

As the evening turned to night, Colleen, as the driver, and Hilary, in the passenger seat, made their way back to Portland traveling westbound on Interstate 84. On a stretch of I-84, near NE 102nd Avenue, the women were passed by a silver vehicle with a different body than plaintiffs' vehicle that

2 – **COMPLAINT**

was traveling at a high speed and weaving through traffic.

6.

Shortly before, Portland Police Officer Gregory Burns ("Defendant Burns") was operating a police motorcycle on traffic duty at the Glenn L. Jackson Memorial Bridge watching Southbound traffic on I-205 coming into Portland from Vancouver.

7.

Defendant Burns observed a silver sedan traveling at a speed in excess of the speed limit and began to follow the vehicle. Defendant Burns followed the silver sedan and attempted to pull over the vehicle. Twice the silver sedan came to a stop and then proceeded to leave when Defendant Burns did not dismount from his motorcycle. Defendant Burns was able to identify the driver as an unknown race male baldish with short black hair about 6'4", slender wearing a black t-shirt and grey shorts and as the sole occupant of the vehicle.

8.

Defendant Burns followed the silver sedan westbound on NE Fremont. While traveling on NE Fremont, the silver sedan passed, first, a police vehicle driven by Defendant Fultz in which Defendant Kuiper was a passenger, and also a police vehicle operated by Defendant Singh. Defendants Fultz, Kuiper and Singh observed that the suspect vehicle had a headlight that was out and were able to observe a sole occupant of the vehicle as a male. Both police vehicles proceeded to turn around so as to pursue the silver sedan from NE Fremont onto NE 202nd and then onto Interstate 84. None of the officers that pursued the silver sedan from NE Fremont used police lights or sirens in their pursuit.

9.

Once on I-84, Defendant Burns misidentified the car in which plaintiffs were traveling as the silver sedan he was seeking to apprehend. Defendant Burns communicated the misidentification of

3 – **COMPLAINT**

plaintiffs' vehicle as the suspect vehicle to operators at Portland's Bureau of Emergency Communications ("BOEC"). The BOEC operators then passed the erroneous information to other police officers, including the other Individual Defendants.

10.

Numerous Portland Police officers, including the Individual Defendants, received the communications regarding the suspect vehicle and joined the effort to stop the vehicle. The Individual Defendants never observed any behavior or actions by plaintiffs that warranted stopping plaintiffs' vehicle.

11.

On I-84, Portland Police Officers who joined the effort to stop the suspect vehicle set spike strips on the highway and blew out the tires of a red vehicle traveling Westbound. The driver of the red vehicle was a victim of misidentification and that misidentification error was made and communicated before the Individual Defendants engaged in the stop of plaintiffs' vehicle.

12.

Plaintiff Rossio lived in an apartment in SE Portland off of Beaverton-Hillsdale Highway. Accordingly, Plaintiff McDonald drove her car on I-84 through Portland then took Interstate 5 southbound and exited the freeway at the Terwilliger exit where Plaintiffs stopped at a red light. Unbeknownst to Plaintiffs, Portland Police officers had been following plaintiff's vehicle for over 10 miles at that point. At all times while the Individual Defendants were following plaintiffs' vehicle, plaintiffs' vehicle was being operated safely, at legal speeds and in violation of no traffic laws.

13.

When the light at Terwilliger turned from red to green, both plaintiffs heard a sound from an object striking the back of the car. Just prior to the sound, Colleen noticed a dark vehicle behind them and saw an individual get out of the vehicle. As she slowly started forward on the green light,

4 – **COMPLAINT**

Plaintiff McDonald speculated that it might be the police and that the person may have been throwing a spike strip behind the car. There were no flashing lights, no request for Plaintiff McDonald to stop and not even any announcements of a police presence. Plaintiff Rossio told Plaintiff McDonald that if it were the police, they must be setting up a strip for someone else as Plaintiff McDonald had been driving safely and at legal speeds.

14.

In fact, Defendant Singh was in a police vehicle directly behind plaintiffs' vehicle at the red light. Neither Defendant Singh nor any other Portland Police Officer, including any of the Individual Defendants, had activated their lights or sirens or issued any commands to plaintiffs. Instead, Defendant Singh exited the police vehicle and attempted to throw a spike strip at the back of plaintiffs' vehicle just as the light was turning green. The spike strip did not go under plaintiffs' vehicle and failed to damage the tires of plaintiffs' vehicle as intended. Defendant Singh understood that plaintiffs were not engaging in evasion as plaintiffs' vehicle only proceeded upon the light turning green.

15.

As they followed plaintiffs from I84 then at the Terwilliger light and then for nearly a mile down SW Bertha, the Individual Defendants had the opportunity to observe plaintiffs' vehicle and the occupants of plaintiffs' vehicle. The Individual Defendants had the opportunity to determine that plaintiffs' vehicle and the occupants of plaintiffs' vehicle did not match the suspect vehicle or individual description of the suspect. The Individual Defendants did not observe any illegal or evasive conduct from Plaintiffs.

16.

Plaintiffs continued on their way, going straight on SW Bertha Boulevard heading toward Beaverton-Hillsdale Highway. As they approached the section of Bertha where it goes below Capitol

5 – **COMPLAINT**

Highway, a Portland Police vehicle operated by Defendant Wolfe, without lights and without warning, violently struck plaintiffs' vehicle forcing it into a hard spin and wrenching both of plaintiffs' bodies. Immediately thereafter, a second Portland Police vehicle operated by Defendant Fultz struck plaintiff's vehicle in the front. The car was brought to a hard stop pinned between two Portland Police vehicles. Only after the car was pinned did any police lights come on. At no point was Plaintiff McDonald ever ordered to pull over or given a chance to comply with an order to do so.

17.

Police officers immediately swarmed Plaintiffs shouting for them to show their "fucking" hands and raise their "fucking" hands.   The Individual Defendants drew their guns and pointed them at the two women. The women immediately raised their hands and began screaming "what's going on" and "you have the wrong people!" The intensity and out-of-control nature of the actions by the Individual Defendants had Plaintiffs fearing they would be shot and killed.

18.

As they were removing Plaintiffs from the car, the Individual Defendants realized they had the wrong people. Only then did the Individual Defendants calm down and put their guns down and away.

19.

Even after determining Plaintiffs were not suspects, the Individual Defendants and other officers from Defendant Portland refused to let Plaintiffs leave the scene. They insisted on holding them for approximately twenty minutes until a Sergeant could arrive and clear the scene. There was no legal basis to hold Plaintiffs after it was determined they were not suspected of illegal conduct.

20.

None of the defendants ever considered the possibility that plaintiffs' vehicle was not the suspect vehicle at any time before execution of the forceful stop of plaintiffs' vehicle even though the

defendant officers knew: (1) one vehicle had already been wrongfully spike stripped; (2) plaintiffs' vehicle was not speeding or engaging in any evasive actions; (3) the description of the suspect driver did not match the persons in the plaintiffs' vehicle; and (4) plaintiffs' vehicle was different from the suspect vehicle due to the headlights, occupants and style of the vehicle.

21.

At the scene, Plaintiffs were in shock. They soon began to feel the effects of the wrenching that their bodies experienced. Both Plaintiffs have sought and received medical treatment for their physical injuries and for the mental trauma they suffered from the forceful stop.   Plaintiff Rossio has incurred $5,787 in medical expenses as a result of her injuries and Plaintiff McDonald has incurred $9,299 in medical expenses as a result of her injuries.

22.

Plaintiff McDonald's car was damaged in the forceful stop by defendants and the cost to repair the damages to her car total $4,978.19.

## FIRST CLAIM FOR RELIEF

### (Recklessness, Gross Negligence and/or Negligence)

### (Against Defendant Portland)

23.

Plaintiffs reallege paragraphs 1 through 22 above as though fully set forth herein.

24.

On October 30, 2023, plaintiffs served a valid and timely tort claim notice on defendant.

25.

Plaintiffs' damages are the result of defendants' recklessness, gross negligence and/or negligence in the following particulars:

7 – **COMPLAINT**

1. Defendants' misidentification of Plaintiffs as criminal suspects;

2. Defendants' failure to correctly understand information observed and information supplied to them and Defendants' failure to correctly interpret that information so as to avoid misidentifying innocent members of the public as criminal suspects;

3. Defendants' failure to not consider information showing that plaintiffs were not involved in any criminal activity, much less activity warranting a forceful stop and arrest that included a physical assault upon plaintiffs;

4. Defendants unreasonable use of force and tactics, including the striking of plaintiffs' vehicle with police vehicles, the pointing of guns at plaintiffs, the forcible removal of plaintiffs from their vehicle and the wrongful detention of plaintiffs thereafter; and

5. The failure of Defendant Portland to abide by the standard of care for the pursuit of a suspect vehicle and the standard of care for the use of force to stop a suspect vehicle.

26.

As a result of the negligence of defendants, plaintiffs have suffered the following damages:

a) Economic damages for reasonable charges necessary for repair of plaintiff's vehicle in an amount of $4,978.19;

b) Economic damages for medical expenses incurred by Plaintiff Rossio in the amount of $5,787 and Plaintiff McDonald in the amount of $9,299; and

c) Noneconomic damages for pain, suffering, emotional and mental distress and humiliation in an amount not more than $1,000,000.00 for each Plaintiff.

27.

Defendant City of Portland has a history of harming innocent members of the public through its policies and practices and through its failure to address through policies the past harms its police officers have caused to innocent members of the public. As such, defendant City of Portland's

actions in harming plaintiffs are reckless, wanton and/or malicious and an award of punitive damages is warranted in this matter in the amount of $1,000,000 per plaintiff.

**SECOND CLAIM FOR RELIEF**

**(Assault & Battery)**

**(Against Defendant Portland)**

28.

Plaintiffs reallege paragraphs 1 through 27 above as though fully set forth herein.

29.

Defendant Portland's actions, through its employees and agents at the Portland Police Bureau, constitute a wrongful assault and battery of plaintiff.

30.

As a result of the assault and battery, plaintiffs have suffered the following damages:

a) Economic damages for reasonable charges necessary for repair of plaintiff's vehicle in an amount of $4,978.19;

b) Economic damages incurred for medical expenses by Plaintiff Rossio in the amount of $5,787 and Plaintiff McDonald in the amount of $9,299; and

c) Noneconomic damages for pain, suffering, emotional and mental distress and humiliation in an amount not more than $1,000,000.00 for each Plaintiff.

31.

Defendant City of Portland has a history of harming innocent members of the public through it policies and practices and through its failure to address through policies the past harms its police officers have caused to innocent members of the public.   As such, defendant City of Portland's actions in harming plaintiffs are reckless, wanton and/or malicious and an award of punitive damages

9 – **COMPLAINT**

is warranted in this matter in the amount of $1,000,000 per plaintiff.

## THIRD CLAIM FOR RELIEF

### (Section 1983 – Fourth Fourteenth Amendment Violations

### For False Arrest and Excessive Force)

### (Against the Individual Defendants)

32.

Plaintiffs reallege paragraphs 1 through 31 above as though fully set forth herein.

33.

The Individual Defendants, in violation of the Fourth and Fourteenth Amendments of the United States Constitution, deprived plaintiffs of their rights to be free from excessive physical force and false arrest.

34.

The above-described stop, detention, and excessive force were committed by the Individual Defendants intentionally, without probable cause and in violation of plaintiffs' Constitutional rights under the Fourth Amendment and Fourteenth Amendment and this claim is made against the Individual Defendants under 42 U.S.C. § 1983.

35.

As a result of the Individual Defendants' constitutional violations, plaintiffs are entitled to recover the following damages:

    a)    Economic damages for reasonable charges necessary for repair of plaintiff's vehicle in an amount of $4,978.19;

    b)    Economic damages for medical expenses incurred by Plaintiff Rossio in the amount of $5,787 and Plaintiff McDonald in the amount of $9,299; and

c) Noneconomic damages for pain, suffering, emotional and mental distress and humiliation in an amount not more than $1,000,000.00 for each Plaintiff.

36.

Pursuant to 42 USC § 1988, Plaintiffs are entitled to recover their attorney fees and costs.

**FOURTH CLAIM FOR RELIEF**

**(Section 1983 – Fourth Fourteenth Amendment Violations)**

**(Against the Defendant Portland)**

37.

Plaintiffs reallege paragraphs 1 through 36 above as though fully set forth herein.

38.

A cause of the deprivation of constitutional rights described above were the following policies, customs and/or practices of defendant City of Portland:

a) Providing inadequate training to officers in conducting pursuit, stops, detentions and arrests of persons;

b) Providing inadequate training to officers in the use of proper investigatory techniques;

c) Providing inadequate training in the use of force methods;

d) Providing inadequate training for communication and plan formulation of the multiple officers and/or deputies responding to a scene like the one described above; and

e) Failing to address through its policies the past harms its police officers have caused to innocent members of the public.

39.

As a result of Defendant Portland's constitutional violations, Plaintiffs are entitled to recover the following damages:

    a)    Economic damages for reasonable charges necessary for repair of plaintiff's vehicle in an amount of $4,978.19;

    b)    Economic damages for medical expenses incurred by Plaintiff Rossio in the amount of $5,787 and Plaintiff McDonald in the amount of $9,299; and

    c)    Noneconomic damages for pain, suffering, emotional and mental distress and humiliation in an amount not more than $1,000,000.00 for each Plaintiff.

40.

Pursuant to 42 USC § 1988, plaintiffs are entitled to recover their attorney fees and costs.

WHEREFORE, plaintiffs pray for a judgment against defendants as follows:

On the **FIRST CLAIM FOR RELIEF** against defendant City of Portland for:

    1.    Economic damages for reasonable charges necessary for repair of Plaintiff McDonald's vehicle in an amount of $4,978.19;

    2.    Economic damages for medical expenses incurred by Plaintiff Rossio in the amount of $5,787 and Plaintiff McDonald in the amount of $9,299;

    3.    Plaintiff Rossio's noneconomic damages in an amount not to exceed $1,000,000.00 and Plaintiff McDonald's noneconomic damages in an amount not to exceed $1,000,000.00;

    4.    Punitive damages in an amount of $1,000,000.00 per plaintiff; and

    5.    Plaintiff's costs and disbursements incurred herein.

On the **SECOND CLAIM FOR RELIEF** against defendant City of Portland for:

    1.    Economic damages for reasonable charges necessary for repair of Plaintiff McDonald's vehicle in an amount of $4,978.19;

    2.    Economic damages for medical expenses incurred by Plaintiff Rossio in the amount of $5,787 and Plaintiff McDonald in the amount of $9,299;

    3.    Plaintiff Rossio's noneconomic damages in an amount not to exceed $1,000,000.00 and

Plaintiff McDonald's noneconomic damages in an amount not to exceed $1,000,000.00;

    4.    Punitive damages in an amount of $1,000,000.00 per plaintiff; and

    5.    Plaintiffs' costs and disbursements incurred herein.

On the **THIRD CLAIM FOR RELIEF** against Defendants Officer Gregory Burn, Officer Gavin Wolfe, Officer Adam Suboh, Officer Karly Kuiper, Officer Troy Fultz, and Officer Parik Singh for:

    1.    Economic damages for reasonable charges necessary for repair of Plaintiff McDonald's vehicle in an amount of $4,978.19;

    2.    Economic damages for medical expenses incurred by Plaintiff Rossio in the amount of $5,787 and Plaintiff McDonald in the amount of $9,299;

    3.    Plaintiff Rossio's noneconomic damages in an amount not to exceed $1,000,000.00 and Plaintiff McDonald's noneconomic damages in an amount not to exceed $1,000,000.00;

    4.    Plaintiffs' attorney fees incurred herein; and

    5.    Plaintiffs' costs and disbursements incurred herein.

On the **FOURTH CLAIM FOR RELIEF** against Defendant Portland for:

    1.    Economic damages for reasonable charges necessary for repair of Plaintiff McDonald's vehicle in an amount of $4,978.19;

    2.    Economic damages for medical expenses incurred by Plaintiff Rossio in the amount of $5,787 and Plaintiff McDonald in the amount of $9,299;

    3.    Plaintiff Rossio's noneconomic damages in an amount not to exceed $1,000,000.00 and Plaintiff McDonald's noneconomic damages in an amount not to exceed $1,000,000.00;

////

////

////

4. Plaintiffs' attorney fees incurred herein; and

5. Plaintiffs' costs and disbursements incurred herein.

DATED:   July 10, 2025

Respectfully submitted,

**/s/ *Michael A. Cox***
Michael A. Cox, OSB #935070
Attorney for Plaintiff